# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| DONTAE V. HARRIS | : | No. 19-439 |

**MEMORANDUM**

**Padova, J.**                                                                                                                                  November 25, 2019

Defendant Dontae Harris has been charged in a Superseding Indictment with six counts of bank robbery which interferes with interstate commerce ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a); three counts of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); three counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He now moves to dismiss the three § 924(c) counts (Counts 4, 9, and 11), arguing that the Hobbs Act robberies on which the § 924(c) counts are predicated do not qualify as "crimes of violence" pursuant to the definition set forth in § 924(c)(3) and thus, cannot support the § 924(c) charges. For the following reasons, we deny Defendant's Motion.

## I. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3) authorizes a defendant to lodge a pretrial challenge to the sufficiency of an indictment on the basis that the indictment "fail[s] to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). Our "review of a motion to dismiss an indictment 'is a narrow, limited analysis geared only towards ensuring that legally deficient charges do not go to a jury.'" United States v. Stock, 728 F.3d 287, 292 n.4 (3d Cir. 2013) (quoting United States v. Bergrin, 650 F.3d 257, 268 (3d Cir. 2011)).

## II. DISCUSSION

In determining whether a crime qualifies as a "crime of violence," we apply a categorical approach, which "requires us to compare the elements of the statute [for the predicate crime of violence] to the [924(c)] definition of 'crime of violence.'" United States v. Johnson, 899 F.3d 191, 203 (3d Cir. 2018) (second alteration in original) (quoting United States v. Wilson, 880 F.3d 80, 83 (3d Cir. 2018)). We "may 'look only to the statutory definitions' – *i.e.*, the elements – of [the charged predicate] offenses, and *not* 'to the particular facts underlying those [charges].'" Id. (quoting Descamps v. United States, 570 U.S. 254, 261 (2013)). "A crime is only a 'crime of violence' if 'the least culpable conduct hypothetically necessary to sustain a conviction under the statute' meets the definition." Id. (quoting Wilson, 880 F.3d at 84.)

Title 18 U.S.C. § 924(c)(3), in its "elements clause," defines "crime of violence" as "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[1] Id. § 924(c)(3)(A). The Hobbs Act provides that it is a crime to:

> in any way or degree obstruct[], delay[], or affect[] commerce or the movement of any article or commodity in commerce, by robbery . . . or attempt or conspire[] to do so, or commit[] or threaten[] physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section.

18 U.S.C. § 1951(a). "Robbery" is defined, in pertinent part, as "taking . . . property from [another person], against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

---

[1] The second clause of § 924(c)(3), i.e., § 924(c)(3)(B), the "residual clause," alternatively defined a "crime of violence" as a crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). However, in United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court found the residual clause to be unconstitutionally vague. Id. at 2324, 2336. Accordingly, we address only whether Hobbs Act robbery falls within the definition of a "crime of violence" in the elements clause.

The United States Court of Appeals for the Third Circuit has not addressed whether, using a categorical approach, Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s elements clause.[2] However, every other Circuit Court of Appeals that has addressed that issue using a categorical approach has concluded that Hobbs Act robbery does qualify as a crime of violence under § 924(c)(3)(A)'s definition. See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("[W]e conclude that Hobbs Act robbery constitutes a crime of violence under the [elements] clause of Section 924(c)." (citations omitted)); United States v. Jones, 919 F.3d 1064, 1072 (8th Cir. 2019) ("[W]e have expressly held that Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force against the person of another, the operative term in *§ 924(c)(3)(A)*." (quotation omitted)); United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018) ("[W]e . . . hold that because the offense of Hobbs Act robbery has as an element the use or threatened use of physical force capable of causing injury to a person or property, a conviction for Hobbs Act robbery categorically constitutes a 'crime of violence' under section 924(c)'s [elements] clause."); United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018) (holding "that Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another'" (quoting 18 U.S.C. § 924(c)(3)(A))); United States v. Melgar-Cabrera, 892 F.3d 1053, 1060-66 (10th Cir. 2018) (rejecting argument that Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause); United States v. Rivera, 847 F.3d 847, 848-49 (7th Cir. 2017) ("Hobbs Act robbery indeed qualifies as a 'crime of violence' under § 924(c) because it 'has as an element the use,

---

[2] In United States v. Robinson, 844 F.3d 137 (3d Cir. 2016), the Third Circuit considered whether a conviction for Hobbs Act robbery was a crime of violence under the elements clause of § 924(c)(3)(A), but it did not conduct its analysis using the categorical approach. Id. at 141. The Supreme Court has since held that the elements clause must be applied using a categorial approach. United States v. Davis, 139 S. Ct. 2319 (2019). Thus, Robinson does not control the issue presently before us.

attempted use, or threatened use of physical force against the person or property of another'" and, thus, "Hobbs Act robbery qualifies as a predicate for a crime-of-violence conviction" (citations omitted)); United States v. Gooch, 850 F.3d 285, 291-92 (6th Cir. 2017) ("Section 1951(b)(1) clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under § 924(c)(3)(A)"); United States v. Buck, 847 F.3d 267, 275 (5th Cir. 2017) (stating that "[i]t was not error – plain or otherwise – for the district court to classify a Hobbs Act robbery as a crime of violence" (citation omitted)); In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016) (concluding that a "conviction for Hobbs Act robbery . . . clearly qualifies as a 'crime of violence' under the [elements] clause in § 924(c)(3)(A)"); United States v. Howard, 650 F. App'x 466, 468 (9th Cir. 2016) (rejecting argument that Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause).

Defendant makes a number of arguments as to why we should hold, contrary to the overwhelming and unanimous weight of authority, that, under the categorical approach, Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A). He essentially argues that "the least culpable conduct hypothetically necessary to sustain a conviction under the statute" does not meet § 924(c)'s definition of a crime of violence because a Hobbs Act robbery may be accomplished: (1) by putting someone in "fear of injury . . . to . . . property," including intangible property, which does not necessarily involve any use or threatened use of physical force, (2) with force that does not qualify as violent force, and (3) unintentionally, when a crime of violence requires a more culpable mental state (the "mens rea argument"). Johnson, 899 F.3d at 203 (quoting Wilson, 880 F.3d at 84); 18 U.S.C. § 1951(b)(1). However, the above-listed Courts of Appeals have repeatedly and persuasively rejected variations of these same arguments,

4

and we will not forge a divergent path here. See, e.g., Garcia-Ortiz, 904 F.3d at 107 ("Hobbs Act robbery, even when based upon a threat of injury to property, requires a threat of . . . 'violent force . . . capable of causing physical pain or injury'" (second alteration in original) (quoting Johnson v. United States, 559 U.S. 133, 140 (2010)); Melgar-Cabrera, 892 F.3d at 1065 ("[T]he force element in . . . the Hobbs Act . . . can only be satisfied by violent force."). Moreover, Defendant acknowledges that his mens rea argument is asserted solely "for purposes of preservation" as he concedes that the argument is foreclosed by the Third Circuit's decision in United States v. Wilson, 880 F.3d 80 (3d Cir 2018).³ (Def.'s Mem. at 8.)

Although the Third Circuit has not resolved the precise issue before us, i.e., whether the Hobbs Act qualifies as a crime of violence using a categorical approach, we are confident that it will reach the same conclusion as its sister Courts of Appeals, based in part on its recent decision in United States v. Johnson. In Johnson, the court considered whether, using a categorical approach, bank robbery by intimidation pursuant to 18 U.S.C. § 2113(a) qualifies as a "crime of

---

³ In Wilson, the defendant argued that armed bank robbery by intimidation in violation of to 18 U.S.C. § 2113 is not a crime of violence under the Sentencing Guidelines because an individual can be convicted under that statute without intending to intimidate anyone. 880 F.3d at 85-88; 18 U.S.C. § 2113(a)(making it a crime to "by force and violence, or by intimidation, take[] or attempt[] to take, . . . any property . . . belonging to . . . any bank"). According to the Wilson defendant, because the intimidation element of § 2113(a) is judged by an objective standard from the victim's perspective, an individual could be convicted of the crime without intending to intimidate the victim. Wilson, 880 F.3d at 85. However, the Third Circuit rejected that argument, stating that "[b]y definition, § 2113(a) requires proof that a defendant knowingly engaged in an act that would cause an ordinary bank teller to be intimidated and turn over money that the defendant knew he had not right to have." Id. at 87. "Because a conviction under § 2113(a) requires the government to prove a defendant knowingly committed a bank robbery by force and violence or intimidation, it is quite obviously a crime of violence under [the Guidelines]." Id. at 87-88.
The same logic plainly applies to Hobbs Act robbery because "a conviction [for robbery] under the Hobbs Act requires proof beyond a reasonable doubt that . . . the defendant knowingly or willfully committed . . . robbery." United States v. Powell, 693 F.3d 398, 401 (3d Cir. 2012) (citations omitted). Consequently, a Hobbs Act robbery cannot be committed negligently, and Defendant's argument to that effect is meritless.

violence" under 924(c)'s elements clause. 899 F.3d at 203. In concluding that it does, the Third Circuit relied on "a common sense understanding of the word 'intimidation'" and its previous conclusion that the "taking [of] 'property or money or any other thing of value' either 'by force and violence, or by intimidation' has as an element the 'threat of force.'" Johnson, 899 F.3d at 204 (quoting Wilson, 880 F.3d at 85). Indeed, just as common sense dictates that intimidation involves the threatened use of physical force, it also dictates that the taking of property against a victim's will by "fear of injury" involves the threatened use of physical force. Furthermore, the United States Court of Appeals for the Fourth Circuit compared § 2113's reference to "intimidation" with the Hobbs Act's reference to "fear of injury" and saw "no material difference between the two terms for purposes of determining whether a particular type of robbery qualifies as a crime of violence." Mathis, 932 F.3d at 266; see also Howard, 650 F. App'x at 468 ("Because bank robbery by 'intimidation' – which is defined as instilling fear of injury – qualifies as a crime of violence, Hobbs Act robbery by means of 'fear of injury' also qualifies as [a] crime of violence.") Our conclusion that Hobbs Act robbery is a crime of violence is therefore consistent with, and supported by, the Third Circuit's decision in Johnson.

## III. CONCLUSION

For the foregoing reasons, we deny Defendant's Motion to Dismiss Counts 4, 9, and 11 of the Superseding Indictment. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

6